**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RELDA ANN MOSS, | : | |
| Plaintiff, | : | Case No. 3:08cv00393 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| FAIRBORN CITY SCHOOLS, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION[1]

On September 29, 2008, Plaintiff Relda Ann Moss filed a *pro se* Complaint in the Greene County, Ohio Court of Common Pleas claiming that on two separate occasions Defendant Fairborn City Schools suspended her employment without pay for three days in retaliation for her "prior filings of Equal Employment Opportunity (EEO) discrimination complaints." (Doc. #3 at 1). Plaintiff Moss's Complaint asserted that the state court had jurisdiction over her Complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-3(a) and Ohio Rev. Code §4112.99. (Doc. #3 at 1).

Defendant removed the case to this Court on October 24, 2008 based on original federal question jurisdiction, "because Plaintiff, in her Complaint, has attempted to assert claims premised upon federal law...." (Doc. #1 at 1).

This case is presently before the Court upon Plaintiff Moss's Motion to Remand (Doc. #7),

---

[1] A NOTICE is attached hereto regarding Objections to this Report and Recommendations.

Defendant's Memorandum in Opposition (Doc. #8), Plaintiff Moss's Notice of Defendant's Untimely Completeness of Removal (Doc. #9), Plaintiff Moss's Reply (Doc. #10), and the record as a whole.

Plaintiff Moss argues that Defendant failed to effect a timely removal of this case to federal court because it did not file its Notice of Removal in state court within thirty days of receiving her Complaint as required by 28 U.S.C. §1446(b). Plaintiff Moss emphasizes that removal was not complete until Defendant filed its Notice of Removal in state court, which did not occur until thirty-four days after Defendant received Notice of the Complaint.

Contrary to Plaintiff Moss's contentions, Defendant effected its removal of this case to federal court in a timely manner. Defendant received Notice of Plaintiff Moss's Complaint on October 1, 2008. Defendant served Plaintiff Moss with a Notice of Removal by Regular U.S. Mail on October 23, 2008, within thirty days as required by 28 U.S.C. §1446(b).

Defendant also timely informed Plaintiff Moss of its Removal and filed its Notice of Removal in state court. On October 29, 2008, Defendant's counsel sent Plaintiff Moss a letter stating, in part, that the "lawsuit has been removed to federal court." (Doc. #7, Exhibit 1). On November 4, 2008, Defendant served Plaintiff Moss with a copy of the Notice of Removal, which Defendant intended to file – and did file on November 5, 2008 – in the Greene County Court of Common Pleas. *See* Doc. #8 at 3-4. This constituted a timely action because 28 U.S.C. §1446(d) merely required Defendant to give Plaintiff Moss written notice of the removal and to file of copy of the notice in state court "[p]romptly after the filing of such notice of removal...." Although Plaintiff Moss disagrees by focusing on 28 U.S.C. §1446(b)'s thirty-day time limit for filing a Notice of Removal, she overlooks that the plain language of 28 U.S.C. §1446(d) which does not

2

include a thirty-day time limit but instead is less specific – requiring Defendant to provide prompt written notice of removal and prompt filing of its notice in state court. Defendant accomplished this prompt-notice requirement by its letter to Plaintiff Moss dated October 29, 2008, *see* Doc. #7, Exh. 1, and by filing a copy of its Notice in state court on November 5, 2008.

Plaintiff Moss next contends that removal was improper because, under 28 U.S.C. §1441(c), "there is no right of removal unless the removal cause of action is 'separate and independent' of the nonremoval claim."[2] (Doc. #7 at 2). Plaintiff Moss reasons that her claim under Ohio Rev. Code. §4112.99 is so related to her federal claim that they form part of the same case or controversy, and are therefore not "separate and independent" claims. *Id*. This contention lacks merit.

Because Defendant bears the burden of establishing that removal was proper, the beginning point of analysis is Defendant's assertion that this Court has original jurisdiction over Plaintiff Moss's Title VII claim. Congress has provided the federal courts (and state courts) with jurisdiction over Title VII claims. *See* 42 U.S.C. 2000e-5(f)(3); *see also Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 823 (1990). Because Plaintiff Moss could have originally filed her Complaint in this Court based on its original jurisdiction over her Title VII claim, removal was proper under 28 U.S.C. §1441(a). *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been brought in federal court may be removed to federal court by the defendant.").

---

[2] 42 U.S.C. §1441(c) states:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

3

Given this Court's original jurisdiction over Plaintiff Moss's Title VII claim, 42 U.S.C. §1441(c) does not assist her in avoiding removal, because §1441(c) neither eliminates nor casts doubt on this Court's jurisdiction over her Title VII claim. As a result, even if Plaintiff Moss's Title VII claim is not "separate and independent" from her state-law claim, §1441(c) would merely preclude a remand to state court of Plaintiff Moss's non-separate and non-independent state-law claim. *See Smith v. Amedisys Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

Accordingly, Plaintiff Moss's Motion to Remand lacks merit.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff Moss's Motion To Remand (Doc. 7) be DENIED.


November 18, 2008

                                          s/ Sharon L. Ovington
                                             Sharon L. Ovington
                                      United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).