IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RELDA ANN MOSS, | : | |
| Plaintiff, | : | Case No. 3:08cv00393 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| FAIRBORN CITY SCHOOLS, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

This matter is before the Court on Defendant Fairborn City School District Board of Education's[2] motion for expenses caused by Plaintiff's failure to submit to deposition (Doc. #111); Plaintiff's response in opposition to that motion (Doc. #136); Defendant's reply (Doc. #139); and the record as a whole.

Procedural Background/The Parties' Claims

Plaintiff's *pro se* complaint alleging unlawful employment retaliation was

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

[2]Plaintiff's complaint named "Fairborn City Schools" as the sole Defendant (*see* Doc. #3), but because Defendant's filings repeatedly have indicated that it should be "properly identified as Fairborn City School District Board of Education" (*see, e.g.*, Doc. ##36, 38, 39, 43, *etc.*), this Court will refer to Defendant by its preferred appellation.

removed by Defendant from the Court of Common Pleas of Greene County, Ohio, to this Court on October 24, 2008, premised on Plaintiff's assertion of claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a). (Doc. #1 at 1, Doc. #3 at 2).  Since that time, as is well documented in the record, the matter has been characterized by Plaintiff's steadfast refusal to cooperate in discovery or to otherwise submit to the jurisdiction of this Court.  Ultimately, on July 14, 2010, United States District Judge Thomas M. Rose dismissed Plaintiff's complaint with prejudice, as a sanction for her "multiple violations of the rules of discovery and this Court's discovery orders." (Doc. #134 at 2).

On May 24, 2010, in conjunction with Defendant's motion to dismiss Plaintiff's action in its entirety due to her failure to submit to her duly-noticed deposition (Doc. #111), Defendant also moved for an award of expenses, including attorneys' fees, incurred relative to that properly noticed but aborted deposition. (*Id.* at 8-10).  Advancing Fed. R. Civ. P. 37(d)(3)'s provision for sanctions against a party who without substantial justification fails to participate in discovery, Defendant asks that Plaintiff be ordered to pay $247.25 for fees billed by the court reporter and videographer who appeared to record her deposition testimony, plus $2,563.50 in attorney's fees generated because Plaintiff caused Defendant's counsel "to needlessly prepare and appear for her

2

deposition, as well as [to] draft and file" the subject motion to dismiss and for sanctions.  (Doc. #111 at 9).

In the Order dismissing Plaintiff's complaint, Judge Rose also directed Plaintiff "to show cause as to why the Defendants should not be awarded $2,810.74 in attorneys' fees and expenses for arranging and preparing for the aborted deposition."  (Doc. #134 at 2).  Plaintiff filed her response to that show cause order on July 15, 2010.  (Doc. #136).  Plaintiff argues that she "'technically' is not liable for even a penny" of the costs incurred by Defendant, because this Court ordered her "to appear for" deposition but "did not specifically order [her] to give any testimony," and because the deposition was noticed for a date five days after the established discovery cut-off.  (Doc. #136 at 1) (emphasis added).  Additionally, alleging that the Court's Order directing her to appear for deposition "was issued out of BIAS and PREJUDICE against" her, Plaintiff suggests that such Order was not a "lawful order" with which she was required to comply.  (*Id.* at 2) (emphasis in original).  Finally, Plaintiff asserts that because she gave Defendant "sufficient notice" that she "would not submit to a videographed deposition," Defendant "'technically' assumed responsibility for all costs associated with the videographed deposition" by proceeding despite its knowledge of Plaintiff's opposition.  (*Id.* at 3).

3

On July 28, 2010, Defendant filed a reply in support of its motion for expenses. (Doc. #139). Defendant first argues that Plaintiff's notice of appeal from the Court's dismissal order (*see* Doc. #137) was premature pending a ruling on the instant motion. (Doc. #139 at 1-2). Turning to the substance of Plaintiff's memorandum opposing the proposed sanctions, Defendant then counters Plaintiff's argument that her proposed deposition was untimely, asserting that "any delay in scheduling [Plaintiff's] deposition is attributable to *her* obstructionist behavior" rather than to Court bias. (*Id.* at 2) (emphasis in original). Defendant also contests Plaintiff's claim that she fully complied with a Court Order directing her only to "appear" for deposition, repeating this Court's prior admonition that the discovery rules expressly contemplate that a party may depose "any person, including a party, without leave of court." (*Id.* at 3) (citing Doc. #129 at 6, n.3, which quotes Fed. R. Civ. P. 30(a)(1) (emphasis added)). Finally, Defendant notes that Judge Rose effectively rejected the same reasoning set forth in Plaintiff's objections (*see* Doc. #130) to the Report and Recommendations recommending that her complaint be dismissed (Doc. #129), by overruling those objections. (Doc. #134 at 2).

This issue now is ripe for resolution.

Analysis

Under Rule 37, district courts have authority to impose a range of sanctions for failure to comply with discovery, up to and including dismissal of the action. *See, e.g.,* Fed. R. Civ. P. 37(b)(2); (c)(1), (2); (d)(3); *see also* 8B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2284 (3d ed. 2010) ("With a rule as flexible as Rule 37, inevitably a broad discretion must be given the trial judge with regard to sanctions."). Indeed, the United States Supreme Court has recognized that district courts must be given latitude to use severe sanctions as a general deterrent to conduct inconsistent with the intent of the discovery rules. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976); *see also* 8B WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2284 ("[T]he decision whether and how severely to sanction under Rule 37 rests securely within the district court's province." ).

Significantly, under the express provisions of Rule 37, "an evasive or incomplete disclosure, answer, or response <u>must be treated as a failure</u> to disclose, answer or respond." Fed. R. Civ. P. 37(a)(4) (emphasis added). Additionally, Rule 37(d)(1) authorizes Rule 37(b) sanctions against a party who fails to appear for deposition, and Rule 37(d)(3) provides that the court also "<u>must</u> require" such a party "to pay to any other party the reasonable expenses,

5

including attorney's fees, caused by the failure" (emphasis added).

Notwithstanding Plaintiff's suggestion that this Court may sanction her conduct by imposing the costs requested by Defendant only if Plaintiff is proven to have been in "contempt of court" (*see* Doc. #136 at 1-2), the afore cited Rules not only authorize, but indeed <u>require</u>, federal courts to award "reasonable expenses, including attorney's fees," against parties who willfully flout the discovery rules.  *See* Fed. R. Civ. P. 37(d)(3).  Plaintiff's response to the show cause Order sets forth nothing that would allow her to escape the consequences of her deliberately obstructive behavior throughout the course of this litigation.

The audacity of Plaintiff's suggestion that she was not required to comply with her deposition as scheduled because the deposition date fell five days after the established discovery deadline had passed (*see* Doc. #136 at 1) is illuminated by Defendant's appropriate and accurate observation that "any delay in scheduling [Plaintiff's] deposition is attributable to *her* obstructionist behavior." (Doc. #139 at 2) (emphasis in original).  The record adequately documents Plaintiff's resistance to Defendant's previous attempts to secure her deposition testimony.  (*See, e.g.,* Doc. #38, first noticing Plaintiff's deposition for October 14, 2009, and Doc. #40, Plaintiff's response refusing to comply therewith).

Similarly, Plaintiff cites no authority – nor can she – for the unprecedented

6

proposition that Defendant "assumed responsibility" for any costs attributable to Plaintiff's defiance of procedural rules and court orders simply because Plaintiff gave Defendant "notice" that she did not intend to submit to a videographed deposition. (*See* Doc. #136 at 3). Not only is such "notice" theory at odds with Fed. R. Civ. P. 30(a)(1)'s mandate that parties such as Plaintiff willingly submit to deposition "without leave" – and thus certainly without order– "of court," but Plaintiff's stated opposition to videotaped recording presents no possible justification for her alleged refusal at the time of the aborted deposition to testify even in the absence of a video camera. (*See* Doc. #111 at 5 & at Exh H, paragraph 5).

    Plaintiff's contention that she fully complied with this Court's Order because she did "appear" at the scheduled deposition, and the Court did not specifically order her to actually testify (*see* Doc. #136 at 2-3) is equally disingenuous. As this Court previously has emphasized (*see* Doc. #129 at 6), the same Order that directed Plaintiff "to appear for deposition" also explicitly and unequivocally "cautioned" her that "failure to . . . submit" to deposition "and to answer all questions properly propounded" would result in sanctions. (Doc. #105 at 2-3). Plaintiff cannot credibly feign ignorance of the Court's obvious intention to compel her not merely to show up at the hour appointed for her

7

deposition, but also to submit to questioning and to provide meaningful, substantive responses, in accordance with Fed. R. Civ. P. 30(a)(1)'s requirements. Moreover, it bears repeating that while "Plaintiff's obstinance . . . succeeded in evoking a Court Order reinforcing the necessity that she submit to deposition, . . . no such order should have been necessary" at all, in accordance with Fed. R. Civ. P. 30(a)(1).  (*See* Doc. #129 at 6, n.3).

Plaintiff's final proffered justification for avoiding Defendant's requested sanction — that this Court's Order regarding her deposition was not a "lawful" Order because it was the product of "BIAS and PREJUDICE against" her, and she therefore was not required to comply with that unlawful order (*see* Doc. #136 at 2) – is so tedious and unfounded as to require no further response than that previously offered by this Court in rejecting Plaintiff's prior contentions of bias. (*See, e.g.*, Doc. ##63, 78).  The Court therefore concludes that Plaintiff's response to the show cause order has failed to articulate any valid reason why the sanctions requested by Defendant should not be imposed against her.  An award of reasonable expenses is warranted in accordance with Fed. R. Civ. P. 37(d)(3).

The analysis, then, turns from the appropriateness of such an award to whether the amount of fees and expenses requested by Defendant is adequately supported and reasonable.  Significantly, Plaintiff has raised no objection to the

amount of fees and expenses requested. (*See* Doc. #136). A review of Defendant's supporting documentation reveals that the requested fees include a $62.25 appearance fee for the court reporter in attendance at Plaintiff's noticed deposition (*see* Doc. #111 at Exh. H-1); a $185.00 appearance fee for the videographer in attendance at Plaintiff's noticed deposition (*see id.* at Exh. H-2); and $ 2,563.50 in attorneys' fees for a total of 20.10 hours expended by three different individuals in preparing for and/or attending Plaintiff's deposition, and in preparing motions and exhibits responsive to Plaintiff's failure to submit to deposition. (*See id.* at Exh. H-3). The Court determines that the amount of time expended and the other expenses thus claimed fall within the bounds of reasonableness for the services so reflected, and that the hourly rates billed for individuals at Defendant's counsel's law firm also are fair and reasonable for persons of comparable skill and experience in the Dayton area. (*See* Doc. #111, Exh. H).

Given Plaintiff's lack of objection to the amount of Defendant's request (*see* Doc. #136) and the Court's determination that the total request of $2,810.74 is not unreasonable for the professional services delineated in the documents offered in support of Defendant's motion (*see* Doc. #111 at Exh. H), the Court concludes that Defendant should be awarded and Plaintiff should be ordered to pay to

Defendant the full amount requested, as a sanction against Plaintiff under Fed. R. Civ. P. 37(d)(3) for the reasonable expenses caused by her failure to submit to deposition.

**IT THEREFORE IS RECOMMENDED that:**

    1)  Defendant Fairborn City School District Board of Education's motion for reasonable expenses caused by Plaintiff's failure to submit to deposition (Doc. #111) be GRANTED;

    2) judgment be ENTERED in favor of said Defendant and against Plaintiff Relda Ann Moss in the amount of $2,810.47, as a sanction against Plaintiff relative to her aborted deposition; and

    3) this matter be TERMINATED on the docket of this Court.

August 16, 2010

                                                             s/Sharon L. Ovington
                                                               Sharon L. Ovington
                                              United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).